IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dorothy Austin, Dora Villacorta, and Sally Alexander, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 12 C 2399 |
| Credit Control, LLC, a Missouri limited liability company, and JH Portfolio Debt Equities, LLC, a California limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Dorothy Austin, Dora Villacorta, and Sally Alexander, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Dorothy Austin ("Austin"), is a citizen of the State of New Jersey, from whom Defendants attempted to collect a delinquent consumer debt owed for an Aspire Visa credit card, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. The other Plaintiffs are also all clients of the attorneys at LASPD, from whom Defendants attempted to collect various delinquent consumer credit card debts that were then allegedly owed to the same bad debt buyer, JR Portfolio Debt Equities, LLC, despite the fact that they were also represented by counsel. Plaintiff, Dora Villacorta ("Villacorta"), is a citizen of the State of California and Plaintiff, Sally Alexander ("Alexander"), is a citizen of the State of Pennsylvania.

5. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Credit Control operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Credit Control was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiffs.

6. Defendant, JH Portfolio Debt Equities, LLC ("JH Portfolio"), is a California limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. JH Portfolio operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, JH Portfolio was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiffs.

7.  Defendant JH Portfolio is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant Credit Control.

8.  Defendants, Credit Control and JH Portfolio, are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In fact, both Credit Control and JH Portfolio conduct business in Illinois.

9.  Moreover, Defendants, Credit Control and JH Portfolio, are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B.  In fact, both Credit Control and JH Portfolio act as a collection agencies in Illinois.

## FACTUAL ALLEGATIONS

### Ms. Dorothy Austin

10. Ms. Austin is a senior citizen with limited assets and income, who fell behind on paying her bills.  At some point in time, Defendant JH Portfolio bought Ms. Austin's Aspire Visa credit card debt after she defaulted on this debt, and when Defendants began trying to collect it from Ms. Austin, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. On April 15, 2011, one of Ms. Austin's attorneys at LASPD informed Defendants, in writing, that Ms. Austin was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities

because Ms. Austin was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

12. Nonetheless, Defendants sent a collection letter, dated January 25, 2012, directly to Ms. Austin, in which they continued to demand payment of the Aspire Visa credit card debt. A copy of this letter is attached as Exhibit D.

13. Accordingly, on March 7, 2012, Ms. Austin's LASPD attorney had to send Defendants an additional letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit E.

**Ms. Dora Villacorta**

14. Ms. Villacorta is a disabled senior citizen with limited assets and income, who fell behind on paying her bills. At some point in time, Defendant JH Portfolio bought Ms. Villacorta's Salute Visa Gold credit card debt after she defaulted on this debt, and when Defendants began trying to collect it from Ms. Villacorta, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

15. On February 26, 2011, one of Ms. Villacorta's attorneys at LASPD informed Defendants, in writing, that Ms. Villacorta was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Villacorta was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

16. Nonetheless, Defendants sent a collection letter, dated January 25, 2012, directly to Ms. Villacorta, in which they continued to demand payment of the Salute Visa Gold credit card debt. A copy of this letter is attached as Exhibit G.

4

17.     Accordingly, on March 7, 2012, Ms. Villacorta's LASPD attorney had to send Defendants an additional letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

**Ms. Sally Alexander**

18.     Ms. Alexander is a disabled senior citizen with limited assets and income, who fell behind on paying her bills. At some point in time, Defendant JH Portfolio bought Ms. Alexander's Aspire Visa credit card debt after she defaulted on this debt, and when Defendants began trying to collect it from Ms. Alexander, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

19.     On February 22, 2011, and October 13, 2011, Ms. Alexander's attorneys at LASPD informed Defendants, in writing, that she was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Alexander was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these letters and fax confirmations are attached as Group Exhibit I.

20.     Nonetheless, Defendants sent a collection letter, dated January 20, 2012, directly to Ms. Alexander, in which they continued to demand payment of the Aspire Visa credit card debt. A copy of this letter is attached as Exhibit J.

21.     Accordingly, on March 7, 2012, Ms. Alexander's LASPD attorney had to send Defendants an additional letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit K.

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communication And Cease Collections

22. Plaintiffs adopt and reallege ¶¶ 1-21.

23. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

24. Here, the letters from Plaintiffs' agent/attorney, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding these debts and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

25. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

26. Plaintiffs adopt and reallege ¶¶ 1-21.

27. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

28. Defendants knew that Plaintiffs were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendants,

in writing, that they were represented by counsel, and had directed Defendants to cease directly communicating with them. By directly sending Plaintiffs collection letters, despite being advised that they were represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

29. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Dorothy Austin, Dora Villacorta, and Sally Alexander, pray that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Austin, Villacorta, and Alexander, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Dorothy Austin, Dora Villacorta, and Sally Alexander, demand trial by jury.

        Dorothy Austin, Dora Villacorta, and
        Sally Alexander,

        By: /s/ David J. Philipps_____
        One of Plaintiffs' Attorneys

Dated: March 30, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com